IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | PLAINTIFF |
| | § | |
| v. | § | Civil Action No. 1:08cv1463-LG-RHW |
| | § | |
| $7708.78 in U.S. Currency, et al. | § | DEFENDANTS |

MEMORANDUM OPINION AND ORDER GRANTING
THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

**BEFORE THE COURT** is the Motion for Summary Judgment [131] filed by the Government as to all of the funds obtained by Nick Tran after January 1, 2005, as well as the pharmacy license issued to Tran's Pharmacy and the pharmacist license issued to Nick Tran. No party has filed a response in opposition to the Motion. Upon reviewing the Motion, the record in this matter, and the applicable law, the Court finds that the Government is entitled to summary judgment as to the funds obtained by Nick Tran after January 1, 2005, the pharmacy license issued to Tran's Pharmacy, and the pharmacist license issued to Nick Tran.

FACTS AND PROCEDURAL HISTORY

A fifty-four count indictment was entered against Tran, a Biloxi, Mississippi, pharmacist, on September 10, 2008, concerning prescriptions he filled from the adjacent Family Medical Center. Count One charged him with conspiracy to distribute or dispense controlled substances to patients outside the scope of professional practice. Counts 2-4, 11-14, and 29-30 accused him of distributing or dispensing controlled substances to persons under twenty-one years of age. Counts 5, 7 through 10, 15 through 25, 27 through 28, 31 through 44, 46 through 49, and 52 through 58 charged

him with distributing or dispensing controlled substances to persons aged twenty-one or older outside the scope of professional practice. Count 59[1] charged him with knowingly opening or maintaining a premises for the purpose of manufacturing, distributing, or using any controlled substance outside the scope of professional practice. Following a two-week trial, the jury unanimously found that Tran was not guilty of the forty-three charges concerning the distribution of controlled substances to persons aged twenty-one or older outside the scope of professional practice. However, the jury was unable to reach a unanimous verdict as to the conspiracy charge, the premises charge, and the nine charges concerning the distribution of controlled substances outside the scope of professional practice to persons under the age of twenty-one.

On April 20, 2010, a second superseding indictment was filed against Tran that added additional charges. After a seven- day trial, the jury convicted Tran of one count of conspiracy to distribute or dispense a controlled substance outside the scope of professional practice, eleven counts of dispensing or distributing a controlled substance outside the scope of professional practice to a person under age twenty-one, eleven counts of dispensing or distributing a controlled substance outside the scope of professional practice, and one count of maintaining a place for the purpose of dispensing or distributing drugs outside the scope of professional practice.

---

[1] While Tran was charged with fifty-four counts, the indictment contained a total of fifty-nine counts. The other three defendants named in the indictment pled guilty prior to Tran's trial.

The controlled substances that were primarily at issue in the criminal trials were promethazine with codeine (codeine cough syrup), alprazolam (Xanax), and hydrocodone (Lortab).  At both trials, Tran produced evidence and testimony that he also sold a large amount of antibiotics, candles, beverages, and over-the-counter medicines at his pharmacy.

The Government seeks forfeiture of Tran's pharmacist license, pharmacy license, and all funds deposited into financial accounts owned by Nick Tran after January 1, 2005, when the crimes allegedly began.  The balances in each of Tran's accounts as of January 21, 2011, were:

| | |
|---|---|
| Hancock Investment Services account number xx3931 | $50,683.00 |
| Hancock Bank account number xx-xxx-4667 | $158,075.23 |
| Hancock Bank account number xx-xxx-1422 | $4,115.08 |
| Hancock Bank account number xx-xxx-2555 | $6094.61 |
| Ameritrade account number xx-xx9395 | $13,252.59 |
| Prudential Financial Services account number xxxxx9695 | $69,009.67 |
| Oppenheimer IRA account number xx251-xxxxxx6754 | $2811.99 |
| Oppenheimer IRA account number xx270-xxxxxx6669 | $4683.91 |
| Oppenheimer IRA account number xx825-xxxxxx8497 | $6745.75 |
| Oppenheimer IRA account number xx835-xxxxxx9659 | $7029.16 |

(Ex. A to Def.'s Mot.)  The Government has also produced evidence that millions of dollars were deposited in these accounts after January 1, 2005.  *Id.*  There is no evidence that Tran had any other source of income other than the pharmacy business.

## DISCUSSION

Any party to a civil action may move for summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law.  Fed. R. Civ. P.

56.  A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted.  *Celotex Corp.*, 477 U.S. at 324-25.  The non-moving party may not rest upon mere allegations or denials in its pleadings but must set forth specific facts showing the existence of a genuine issue for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986).

As noted above, Tran has not responded to the Government's Motion.  "A motion for summary judgment cannot be granted simply because there is no opposition . . . ."  *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985).  "Ultimately, the movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed."  *Hibernia*, 776 F.2d at 1279.

The Civil Forfeiture Reform Act of 2000 (CAFRA) governs federal civil forfeiture proceedings and requires the Government to bear the initial burden of proving by a preponderance of the evidence that the property is subject to forfeiture.  18 U.S.C. § 983(c)(1).  "[A]ny property . . . derived from any proceeds" of drug trafficking is subject to forfeiture.  21 U.S.C. § 853(a); *see also United States v. Betancourt*, 422 F.3d 420 (5th Cir. 2005) (holding that a defendant's interest in a winning lottery ticket that was purchased with proceeds from drug trafficking was subject to forfeiture).  "[I]f the Government's theory of forfeiture is that the property was used to commit or facilitate

-4-

the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense."  18 U.S.C. § 983(c)(3).

A substantial connection may be established by showing that use of the property made the prohibited conduct less difficult or "more or less free from obstruction or hindrance." *United States v. Schifferli*, 895 F.2d 987, 990 (4th Cir. 1990); *United States v. Premises Known as 3639-2nd St., N.E., Minneapolis, Minn.*, 869 F.2d 1093, 1096 (8th Cir. 1989).  For example, one drug sale negotiated and one drug sale completed at a residence have been held sufficient to demonstrate a substantial connection between the residence and the drug trafficking offense for purposes of forfeiture.  *United States v. Cleckler*, 270 F.3d 1331, 1334 (11th Cir. 2001).  Furthermore, an office building where a dentist had written illegal prescriptions was held subject to forfeiture, since the office was not only the distribution site but also "provided an air of legitimacy and protection from outside scrutiny."  *Schifferli*, 895 F.2d at 991.  "The use of an office building to commit crimes that closely resemble the owner's or tenant's lawful work . . . establishes a sufficient connection with crime to render the property forfeitable."  *United States v. Two Tracts of Real Property*, 998 F.2d 204, 212 (4th Cir. 1993).

Once the Government satisfies its burden of proving a substantial connection, the claimant then has the burden of proving that he was an innocent owner by a preponderance of the evidence.  18 U.S.C. § 983(d)(1).  "[T]hat the burden is on the government does not change the fact that, if the government meets its burden, it will prevail [on a motion for summary judgment] unless the claimants introduce evidence to support their case."  *United States v. $174,206.00 in U.S. Currency*, 320 F.3d 658, 662

-5-

(6th Cir. 2003).

Tran's pharmacy business was the means by which Tran distributed the illegal drugs.   Furthermore, Tran was able to utilize the business to conceal the illegal drug distribution, because a pharmacy is precisely the type of business that distributes drugs, including controlled substances.  The sale of over-the-counter drugs, antibiotics, candles, and beverages likewise gave the pharmacy the appearance that it was conducting legitimate business.   In addition, Tran utilized his pharmacist and pharmacy licenses to distribute the drugs.  As a result, the Court finds that the entire pharmacy business had a substantial connection with the crimes committed and thus facilitated those crimes.  Therefore, all of the proceeds of the pharmacy business that were earned after January 1, 2005, the pharmacy license, and the pharmacist license are subject to forfeiture.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment [131] filed by the Government as to all of the funds obtained by Nick Tran after January 1, 2005, from his pharmacy business, as well as the pharmacy license issued to Tran's Pharmacy and the pharmacist license issued to Nick Tran is **GRANTED**.  A separate judgment will be entered pursuant to Fed. R. Civ. P. 58, since all other claims have been resolved in this forfeiture proceeding.

**SO ORDERED AND ADJUDGED** this the 9th day of August, 2011.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

-6-